UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

|                                  |     |                              |
| :------------------------------- | :-- | :--------------------------- |
| UNITED STATES OF AMERICA,        | :   | CASE NO. 1:12-cr-00156-JG    |
|                                  | :   |                              |
| Plaintiff,                       | :   | OPINION & ORDER              |
|                                  | :   | [Resolving Docs. 42, 47]     |
| vs.                              | :   |                              |
|                                  | :   |                              |
| STEPHEN BAGLEY,                  | :   |                              |
|                                  | :   |                              |
| Defendant.                       | :   |                              |
|                                  | :   |                              |

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Stephen Bagley seeks a sentence reduction under the compassionate release statute 18 U.S.C. § 3582(c)(1)(A).[1] The Government opposes Bagley's request.[2]

For the following reasons, the Court **DENIES** Defendant Bagley's motion for compassionate release.

## I.  Background

Defendant Bagley is nearing the end of his sentence for supervised release violations. He is scheduled to be released on May 16, 2021.[3] He seeks compassionate release because he has asthma, which could put him at a higher risk of serious illness if he contracts COVID-19.[4]

## II.  Discussion

### A. Exhaustion

Under 18 U.S.C. § 3582(c)(1)(A)(i), the Court may modify a defendant's prison term

---

[1] Doc. 42; Doc. 47.
[2] Doc. 49.
[3] Doc. 47 at 2–3.
[4] *Id.* at 7.

Case No. 1:12-cr-00156-JG
Gwin, J.

once the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[5] If a defendant does not meet the exhaustion requirement, their motion should be dismissed.[6]

It appears that Defendant Bagley has not satisfied 18 U.S.C. § 3582(c)(1)(A)(i)'s exhaustion requirement. Defendant filed his first motion for compassionate release on September 14, 2020,[7] which counsel supplemented on February 9, 2021.[8] Defendant asserts that he filed a motion for compassionate release with his warden "on or about October 23, 2020."[9] But the Government responds that the Bureau of Prisons has no record that Defendant submitted a request.[10] Defendant made his first request while incarcerated at Northeast Ohio Correctional Center, which is not a Bureau of Prisons facility,[11] but he is now housed at FCI Cumberland.[12] This could account for the Bureau of Prison's record discrepancy, but the case record is unclear. Further, Defendant filed a motion with this Court before his claimed October 23, 2020, request.

Even if he has met § 3582's exhaustion requirement, Defendant has not shown that he is eligible for compassionate release as discussed below.

---

[5] 18 U.S.C. § 3582(c)(1)(A)(i).
[6] *U.S. v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).
[7] Doc. 42.
[8] Doc. 47.
[9] *Id.* at 5.
[10] Doc. 49 at 3; Doc. 49-1.
[11] Doc. 42. *See* CoreCivic, *Northeast Ohio Correctional Center*, https://www.corecivic.com/facilities/northeast-ohio-correctional-center (last visited Apr. 22, 2021).
[12] Doc. 47 at 3.

Case No. 1:12-cr-00156-JG
Gwin, J.

### B. Eligibility

To grant compassionate release, a court must: (1) "find that extraordinary and compelling reasons warrant [a sentence] reduction,"[13] (2) "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."[14]

There are currently no applicable Sentencing Commission policy statements for inmate-filed compassionate release motions.[15]  Where an inmate files a motion on their own behalf, the court "may skip step two."[16]

Under the compassionate release statute, the Court may "reduce the term of imprisonment . . . and impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."[17]

Defendant Bagley argues that his asthma constitutes extraordinary and compelling circumstances that warrant compassionate release.[18]  The CDC recognizes that asthma is a condition that could put a person at greater risk of severe illness if they contract COVID-19.[19]

---

[13] "[I]n the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *U.S. v. Elias,* 984 F.3d 516, 519–20 (6th Cir. 2021).

[14] *Id.* at 518 (citing *U.S. v. Jones,* 980 F.3d 1098, 1111 (6th Cir. 2020) and 18 U.S.C. § 3582(c)(1)(A)) (internal quotation marks omitted).  The 18 U.S.C. § 3553(a) factors include: "the nature and circumstances of the offense," "the history and characteristics of the defendant," and the need for the sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant," among other factors.  18 U.S.C. § 3553(a).

[15] *See Elias,* 984 F.3d at 519 ("[U.S.S.G.] § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions."); *Jones,* 980 F.3d at 1108 (stating that "[t]he Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13" but explaining that "§ 1B1.13 does not 'appl[y]' to cases where an imprisoned person files a motion for compassionate release.").

[16] *Jones,* 980 F.3d at 1111.

[17] 18 U.S.C. § 3582(c)(1)(A).

[18] Doc. 47 at 7.

[19] Centers for Disease Control and Prevention, *People with Certain Medical Conditions* (Mar. 29, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

-3-

Case No. 1:12-cr-00156-JG
Gwin, J.

At the same time, there is no evidence that Defendant Bagley's asthma is severe or not well-controlled.[20]  Without additional health conditions or other heightened-risk factors, such as age, the Court does not find that Defendant's asthma is an extraordinary and compelling reason.

Further, while it has had outbreaks in the past, Defendant's facility, FCI Cumberland, currently reports no inmate infections and only one single staff case of COVID-19.[21]

Finally, the Court finds that the 18 U.S.C. § 3553(a) factors disfavor early release in Defendant Bagley's case.  Defendant's violent criminal history and his nearing release date weigh in favor of maintaining Defendant's current sentence.[22]

## III.    Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Bagley's request for compassionate release.


IT IS SO ORDERED.


Dated:  April 26, 2021                          _s/        James S. Gwin_____
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

conditions.html.

[20] _See_ Doc. 47-3.

[21] Federal Bureau of Prisons, _Covid-19 Coronavirus_, https://www.bop.gov/coronavirus/ (last visited Apr. 22, 2021).  Also, more than four hundred inmates—a little more than a third of FCI Cumberland's population—have been fully vaccinated.  _Id._  FCI Cumberland has a total of 1,151 inmates.  Federal Bureau of Prisons, _FCI Cumberland_, https://www.bop.gov/locations/institutions/cum/ (last visited Apr. 22, 2021).

[22] _See_ Doc. 13.